140 Nev., Advance Opinion 11

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LAMONT'S WILD WEST BUFFALO,
LLC,
Appellant,
vs.
NATHANIAL TERRY,
Respondent.

No. 85056

FILED

MAR 07 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order denying a motion for attorney fees as sanctions. Eighth Judicial District Court, Clark County; Nadia Krall, Judge.

*Affirmed in part, reversed in part, and remanded with instructions.*

McDonald Carano LLP and Ryan J. Works, John A. Fortin, and Karyna M. Armstrong, Las Vegas,
for Appellant.

Hutchings Law Group and Mark H. Hutchings, Las Vegas,
for Respondent.

BEFORE THE SUPREME COURT, HERNDON, LEE, and PARRAGUIRRE, JJ.

## OPINION

By the Court, HERNDON, J.:

LaMont's Wild West Buffalo, LLC, appeals from a district court order denying its motion for attorney fees as sanctions under NRCP 11, NRS

24-08172

18.010(2)(b), and NRS 7.085. The district court found that Nathanial Terry filed frivolous counterclaims against LaMont's for breach of contract, breach of the covenant of good faith, intentional interference with prospective economic advantage, trespass to chattels, and negligence. However, the district court denied LaMont's motion for its failure to comply with NRCP 11's safe harbor provision.

We conclude that the district court properly denied LaMont's motion for sanctions under NRCP 11 for failure to comply with that rule's procedural requirements. However, the district court erred by denying attorney fees under NRS 18.010(2)(b) and NRS 7.085 for the same perceived procedural flaw, as the NRCP 11 procedural requirements do not apply to awards under those statutes.

## FACTS AND PROCEDURAL HISTORY

Appellant LaMont's Wild West Buffalo and respondent Nathanial Terry entered into an oral agreement under which LaMont's acted as an order-buyer to procure 517 bison for Terry's Montana ranch. After the last of the bison were delivered to Terry's ranch, Terry ceased communication with LaMont's. LaMont's sent Terry an invoice for its finder's fee but received no response.

LaMont's made several attempts to collect payment but ultimately filed suit for breach of contract and related claims. Terry filed an answer and counterclaimed, alleging breach of contract, breach of the covenant of good faith, intentional interference with prospective economic advantage, trespass to chattels, and negligence. LaMont's moved for summary judgment on all of Terry's counterclaims, and the district court granted the motion. The parties proceeded to trial on LaMont's claims, resulting in a $88,083.28 judgment for LaMont's.

The district court found that Terry's counterclaims were frivolous and brought only to dissuade LaMont's legitimate claims or to confuse the issues. After trial, LaMont's moved for attorney fees as sanctions under NRCP 11 and NRS 18.010(2)(b). The court issued its findings of fact and conclusions of law denying LaMont's motion for fees based on its finding that LaMont's did not comply with the procedural requirements set forth in NRCP 11(c)(2). LaMont's moved for reconsideration, citing NRS 7.085 as another statute permitting it to collect attorney fees. The district court, for "good cause," denied LaMont's motion for reconsideration.

## DISCUSSION

We generally review the district court's decision regarding attorney fees for an abuse of discretion. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 74, 319 P.3d 606, 615 (2014); *Berkson v. LePome*, 126 Nev. 492, 504, 245 P.3d 560, 568 (2010) ("This court reviews a district court's award of attorney fees and costs, as a sanction, for an abuse of discretion."). "An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Skender v. Brunsonbuilt Constr. & Dev. Co.*, 122 Nev. 1430, 1435, 148 P.3d 710, 714 (2006). A court may also abuse its discretion if its decision is "in clear disregard of the guiding legal principles." *Gunderson*, 130 Nev. at 80, 319 P.3d at 615 (internal quotation marks omitted).

LaMont's contends that the district court abused its discretion when it denied LaMont's motions for fees under NRCP 11, NRS 18.010, and NRS 7.085 because the district court rigidly applied the safe harbor procedural requirements of NRCP 11 and improperly applied NRCP 11's safe harbor procedural requirements to NRS 18.010 and NRS 7.085.

We first address whether the district court abused its discretion in denying LaMont's motion for fees under NRCP 11 for failing to comply with Rule 11's safe harbor provision. Next, we address whether Rule 11's procedural requirements apply to NRS 18.010 and NRS 7.085.

*The district court did not abuse its discretion in denying LaMont's request for sanctions under NRCP 11*

Under the Nevada Rules of Civil Procedure, parties certify through their signature that papers presented to the court are, to the best of the party's belief and knowledge, not presented for an improper purpose and not unwarranted or frivolous, and that factual assertions and denials are supported and warranted by evidence. NRCP 11(a)-(b). If a party files papers for an improper purpose or frivolously engages in litigation, that party may be sanctioned under NRCP 11(c).

The movant seeking sanctions under NRCP 11(c) must comply with the rule's procedural requirements, commonly referred to as the safe harbor provision. NRCP 11(c)(2); *see Watson Rounds, P.C. v. Eighth Jud. Dist. Ct.*, 131 Nev. 783, 787, 358 P.3d 228, 231 (2015) ("NRCP 11's safe harbor provisions prevent attorneys from being sanctioned until they have the opportunity to cure the sanctionable conduct or appear at an order to show cause hearing."). The safe harbor provision requires the movant to file its motion for sanctions "separate from any other motion" and that the motion "must not be filed . . . if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service." NRCP 11(c)(2). The prevailing party may then, at the court's discretion, be awarded "reasonable expenses, including attorney fees, incurred for presenting or opposing the motion." *Id.*

In this case, the district court denied LaMont's motion for attorney fees as sanctions for failure to comply with NRCP 11(c)(2).

LaMont's motion was not "separate from any other motion," as it combined the Rule 11 motion with a motion for attorney fees under NRS 18.010, and the motion was not served upon Terry 21 days prior to its filing.

We conclude that the district court's order denying the motion for failure to procedurally comply with NRCP 11(c)(2) was not an abuse of discretion, at least as to LaMont's request for Rule 11 sanctions. Rule 11 is clear: a request for sanctions must be made separate from any other motion and must be served 21 days prior to filing. The district court enforced compliance with the procedure explicitly mandated by the Nevada Rules of Civil Procedure.[1]

*The district court improperly denied LaMont's request for attorney fees under NRS 18.010 and NRS 7.085*

Terry contends that LaMont's waived any argument based on NRS 7.085 on appeal because it was not raised in LaMont's original motion for attorney fees; however, the statutory grounds for recovery were raised in LaMont's motion for reconsideration, which the district court denied for "good cause." We may consider an argument newly raised in a motion for reconsideration so long as (1) the reconsideration motion and order are part of the record on appeal and (2) the district court entertained the motion on its merits. *R.J. Reynolds Tobacco Co. v. Eighth Jud. Dist. Ct.*, 138 Nev., Adv. Op. 55, 514 P.3d 425, 432 (2022). As both of these prerequisites have been satisfied, we address LaMont's arguments related to both NRS 18.010 and NRS 7.085.

The district court denied LaMont's motion for attorney fees as sanctions entirely for failing to follow the procedures outlined under NRCP

---

[1]We decline to adopt LaMont's position that substantial compliance is sufficient to satisfy the procedural requirements under NRCP 11(c)(2).

 

11. The order specified that because LaMont's failed to comply with the procedural requirements under NRCP 11(c)(2), it was not entitled to an award of attorney fees under either NRCP 11 or NRS 18.010. LaMont's moved for reconsideration, citing NRS 7.085 as another statutory basis for recovery, and the district court denied the motion for "good cause." Therefore, we must determine whether the procedural requirements of NRCP 11(c)(2) apply to NRS 18.010 and NRS 7.085.

"Although a district court's decision regarding an award of attorney fees is generally reviewed for an abuse of discretion, where . . . the decision implicates a question of law, the appropriate standard of review is de novo." *Gunderson*, 130 Nev. at 82, 319 P.3d at 616. NRS 18.010(2)(b) provides for the recovery of attorney fees "when the court finds that the claim, counterclaim, or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party." NRS 7.085 provides for the recovery of attorney fees, from the offending attorney personally, when "an attorney has filed, maintained, or defended a civil action . . . not well-grounded in fact . . . or unreasonably and vexatiously extended a civil action." Both statutes state that "[i]t is the intent of the legislature that the court award costs, expenses, and attorney's fees pursuant to this [statute] *and* impose sanctions pursuant to Rule 11 of the Nevada Rules of Civil Procedure in all appropriate situations." NRS 18.010(2)(b); NRS 7.085 (emphasis added).

We have previously determined that NRCP 11 does not supersede NRS 7.085. *Watson Rounds*, 131 Nev. at 784-85, 358 P.3d at 230. In *Watson Rounds*, we determined that NRCP 11 and NRS 7.085 were "distinct, independent mechanism[s] for sanctioning attorney misconduct" because they apply to different types of misconduct. 131 Nev. at 784, 788-

89, 358 P.3d at 230, 232. LaMont's argument regarding NRS 18.010 relies heavily on this premise. We agree that the same proposition is true of NRCP 11 and NRS 18.010(2)(b); each provision is a distinct mechanism for sanctions. The plain language of NRS 18.010(2)(b)—"*and* impose sanctions pursuant to Rule 11" (emphasis added)—indicates that the statute may be applied in addition to NRCP 11, further supporting the notion that it is an independent mechanism for sanctioning misconduct. The Legislature also chose not to incorporate a safe harbor provision similar to the one in NRCP 11 in the statutory text of NRS 18.010(2)(b) or NRS 7.085. Further, no section in NRS 18.010 provides a procedural constraint to the movant seeking attorney fees. Rather, NRS 18.010 instructs the court to "liberally construe the provisions" of paragraph (2)(b), and paragraph (3) indicates the court may impose such attorney fees even without a written motion.

Given that NRCP 11 and NRS 18.010(2)(b) are independent bases for sanctions and NRS 18.010(2)(b) does not contain a safe harbor provision, the district court's order denying attorney fees on the basis that LaMont's did not comply with the procedural requirements of NRCP 11 is inconsistent with the statute. Further, NRS 7.085 is an additional independent sanctioning mechanism under which Lamont's may potentially recover. Thus, the district court erred in applying the procedural bar set forth in NRCP 11(c)(2) to NRS 18.010 and, in turn, NRS 7.085.

## CONCLUSION

While a movant must comply with the procedural requirements of NRCP 11(c)(2) for the district court to impose sanctions under Rule 11, those procedural requirements do not apply to independent sanctioning mechanisms such as NRS 18.010(2)(b) and NRS 7.085. Thus, the district court's order denying LaMont's request for fees was proper in part and erroneous in part. The district court properly applied NRCP 11(c)(2)'s

SUPREME COURT
OF
NEVADA

(O) 1947A

7

procedural bar to LaMont's request for sanctions under Rule 11 but erred by applying the same procedural requirements to NRS 18.010(2)(b) and NRS 7.085. Accordingly, we affirm the district court's order in part as to NRCP 11, and we reverse in part and remand for the district court to determine whether LaMont's is entitled to attorney fees under NRS 18.010 and NRS 7.085.

_____, J.
Herndon

We concur:

_____, J.
Lee

_____, J.
Parraguirre